UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 20-10720-GAO

NAROSMI AUGUSTE,
Plaintiff,

v.

ALEJANDRO MAYORKAS, Secretary of the United States Department of Homeland Security, Transportation Security Administration,[1]
Defendant.

OPINION AND ORDER
October 19, 2021

O'TOOLE, S.D.J.

The plaintiff, Narosmi Auguste, brings suit against her former employer, the Department of Homeland Security, claiming that she was unlawfully discriminated against on the basis of her sleep-related illnesses. She alleges unlawful discrimination and failure to accommodate in violation of the Rehabilitation Act, 29 U.S.C. § 794, the Americans with Disabilities Act (the "ADA"), 42 U.S.C. § 12112, and 42 U.S.C. § 1981, and unlawful retaliation and hostile work environment in violation of the ADA, 42 U.S.C. § 12203, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, the Rehabilitation Act, 29 U.S.C. § 701, and 42 U.S.C. § 1981. The defendant has moved to dismiss all claims pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

---

[1] This suit was originally brought against Chad Wolf, the then-Acting Secretary of the Department of Homeland Security. Pursuant to Rule 25(d), Alejandro Mayorkas, now Secretary, is substituted as the named defendant.

**I.      Background**

According to the allegations in the complaint, the plaintiff suffers from sleep-related illnesses, including narcolepsy and hypersomnia, which make it difficult for her to awaken and which generally cause exhaustion and fatigue. She was hired by the Transportation Security Administration (the "TSA") in 2009 as a Transportation Security Officer at the international airport in Boston, Massachusetts. In 2012, she applied for a promotion for which she was qualified, but she did not get the position.

By October 2012, the plaintiff's condition had worsened, causing difficulties waking up for her shift which began at 3:00 a.m. In March 2013, she asked the TSA Deputy Assistant Federal Security Director Karen Hegner to modify her work schedule to the overnight shift, a change that was recommended by her medical treatment team. Hegner rejected the request. At some point thereafter, Hegner offered the plaintiff the evening shift and explained that giving her the night shift would be an undue hardship because of a bidding system in effect and the special training required for the position. About two months later, the plaintiff again requested to be changed to the night shift by emailing Assistant Federal Security Director Robert Snyder. Snyder said he would address the issue with Hegner, but the plaintiff never received a response.

Meanwhile, the plaintiff faced disciplinary action at work. In April 2013, the plaintiff received a two-day suspension for tardiness and a work absence. On October 26, 2013, the plaintiff received a poor job performance rating from management. On January 16, 2014, the plaintiff was served with a "Notice of Proposed Removal" based on her tardiness and improper receipt of a CD at her station from a music artist. The plaintiff contacted an Equal Employment Opportunity Commission officer on January 23, 2014, and she responded to the notice on February 6, 2014. On March 6, 2014, the plaintiff was terminated.

**II.     Discussion**

The plaintiff purports to bring claims pursuant to several federal statutes, including the ADA, the Rehabilitation Act, 42 U.S.C. § 1981, and Title VII. However, for substantially the same reasons argued by the defendant in his memorandum in support of his motion to dismiss, the plaintiff's complaint is subject to dismissal.

First, the plaintiff's claims arising under the ADA are dismissed. Federal employees, like the plaintiff at the time of her employment, are not covered by the ADA. See Enica v. Principi, 544 F.3d 328, 338 n.11 (1st Cir. 2008); Calero-Cerezo v. U.S. Dep't of Just., 355 F.3d 6, 11–12 n.1 (1st Cir. 2004).

The plaintiff's Rehabilitation Act claims are likewise dismissed. Although federal employees may generally bring suit under that statute, TSA screeners are excluded from coverage. See Field v. Napolitano, 663 F.3d 505, 510, 514 (1st Cir. 2011) (concluding that the Aviation and Transportation Security Act of 2011, TSA's enabling statute, precluded a security screener from bringing suit under the Rehabilitation Act).

The plaintiff's claims under 42 U.S.C. § 1981 also fail. Any claim that she was subjected to employment discrimination would have to be brought under Title VII. See Brown v. Gen. Servs. Admin., 425 U.S. 820, 835 (1976); Monday v. Potter, Civil No. 07-226-SM, 2007 WL 3225393, at *5 (D.N.H. Oct. 29, 2007), report and recommendation approved sub nom., Monday v. U.S. Postal Serv., No. 07-cv-226-SM, 2007 WL 4208320 (D.N.H. Nov. 26, 2007). However, any Title VII claims must also be dismissed. The only potential actions that are not barred by the statute's requirement that an employee initiate the administrative process within forty-five days are her termination and the purported hostile work environment. See 29 C.F.R. § 1614.105(a)(1). As to her termination, the plaintiff fails to plausibly allege that she was fired because of her race or in

retaliation for a racial discrimination complaint she made two years earlier. As to the hostile work environment theory, the alleged actions identified in the complaint do not support the plaintiff's contention that the disciplinary measures imposed on her were the result of anything but the legitimate concerns about her tardiness, absenteeism, and inappropriate receipt of goods. Nor were those actions sufficiently severe or pervasive to alter the conditions of her employment. See Oncale v. Sundowner Offshore Servs., Inc., 523 U.S. 75, 78 (1998).

### III. Conclusion

For the foregoing reasons, the defendant's Motion to Dismiss (dkt. no. 7) is GRANTED. The complaint is dismissed.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
Senior United States District Judge